# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-31028

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2014

Lyle W. Cayce
Clerk

TED DURBIN,

Plaintiff-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY; DARREL VANNOY, Deputy Warden; LESLIE DUPONT, Assistant Warden; RICHARD PEABODY, Deputy Warden; R. JETT, Deputy Warden; B. DODD, Assistant Warden; T. DELANEY, Assistant Warden; K BENJAMIN, Assistant Warden; T. PORET, Assistant Warden; J. LAMARTINERE, Assistant Warden; UNKNOWN DARBONNE, Lieutenant Colonel; C. FONTENOT, Assistant Warden; UNKNOWN TONEY, Chaplain; UNKNOWN DELAUGHTER, Chaplain; UNKNOWN VALANT, Master Sergeant; UNKNOWN BARRIO, Master Sergeant; UNKNOWN TURNER, Master Sergeant,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CV-655

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31028

Ted Durbin, Louisiana prisoner # 132464, seeks leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint. In his complaint, he alleged various claims against 17 prison officials related to the infringement of his religious practices. The district court dismissed his complaint and it denied his motion for leave to proceed IFP on appeal, certifying that his appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

By moving for leave to proceed IFP, Durbin is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5). A motion for leave to proceed IFP on appeal "must be directed solely to the trial court's reasons for the certification decision." *Baugh*, 117 F.3d at 202.

Durbin does not address the district court's reasons for dismissing his complaint and certifying that his appeal was not taken in good faith. Accordingly, he has abandoned any challenge to that determination, *see Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987), and he has failed to demonstrate that his "appeal involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Because Durbin has not shown that his appeal involves a nonfrivolous issue, we deny his motion to proceed IFP on appeal and dismiss his appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

This court's dismissal of his appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We warn Durbin that if he accumulates at least three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal in a court of the United States while he is incarcerated or detained in any

2

No. 13-31028

facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

   IFP MOTION DENIED; APPEAL DISMISSED; § 1915(g) WARNING ISSUED.